UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                  Case Number: 10-10101-7

PAUL W. LARK and
DONNA J. LARK,

              Debtors.

---

MEMORANDUM DECISION
DENYING DEBTORS' EXEMPTION CLAIM

The debtors filed this bankruptcy case on January 8, 2010.  Apparently, there was some concern that Donna Lark's wages might be garnished by a creditor, and this fear played a role in the timing of the filing of their petition.  On their Schedule C they utilized the Wisconsin exemption statutes because the equity in their home exceeded the amount that could be protected under 11 U.S.C. § 522(d).[1]  They initially did not list their right to receive 2009 federal and state tax refunds as assets.   After the first meeting of creditors, the debtors filed amended schedules in which they listed their 2009 federal tax refund of $1,490.00 and 2009 state tax refund of $1,614.00 as assets and claimed them as exempt under Wis. Stat. § 815.18(3)(k), which gives debtors the right to exempt "[d]epository accounts in the aggregate value of $5,000, but only to the

---

[1] On their schedules, the debtors listed their home as being worth $260,000.00. They scheduled secured claims against the residence of $211,700.00, leaving a net equity position of about $48,000.00.  Under § 521(d)(1), they could protect a total of $40,400.00 and might have used the "wild card" of § 521(d)(5) to protect another $2,150.00.  Utilizing the revised Wisconsin homestead exemption, they could protect a combined total of $150,000.00, undoubtedly eliminating any question of additional value the trustee might have otherwise sought to liquidate.

extent that the account is for the debtor's personal use and is not used as a business account."[2]

The chapter 7 trustee objected to their exemption of the refunds on the grounds that tax refunds do not qualify as "depository accounts" for purposes of the Wisconsin exemption statute. Under Wis. Stat. § 815.18(2)(e), a depository account is defined to be "a certificate of deposit, demand, negotiated order of withdrawal, savings, share, time or like account maintained with a bank, credit union, insurance company, savings bank, savings and loan association, securities broker or dealer or like organization." The trustee's position is simple. The debtors had a right to receive a refund from the federal and state governments at the time they filed. Those funds were not in their possession or under their control on the petition date, and they were not on deposit with a bank or other entity as contemplated by § 815.18(2)(e). Consequently, the trustee believes that the debtor cannot exempt the right to receive the refunds as a "depository account."

In contrast, the debtors argue that a right to receive a refund of tax overpayments is essentially a depository account, even if the money has not been received as of the time of filing. In the alternative, the debtors suggest that tax refunds do not become part of the bankruptcy estate until the refund is released to their bank accounts, and request that the Court approve their claim of an exemption for the funds once they reach their possession and are in fact deposited in an account that would qualify under the Wisconsin exemption. The debtors cite

---

[2] The first meeting of creditors was held on February 22, 2010. The amended schedules were filed on March 17, 2010. According to the debtors, their tax returns were filed on February 13, 2010, and the refunds were subsequently electronically deposited into their bank account.

2

§ 815.18(1) for the rule of statutory construction that the Wisconsin exemption laws are to be construed so as to give the debtors the full benefit of the statute "to advance the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood, the enjoyment of property necessary to sustain life and the opportunity to avoid becoming public charges."  They believe that the appropriate interpretation of the statute is that the state legislature intended to allow each Wisconsin citizen to protect $5,000.00 from execution by creditors.  They also argue that the trustee's position produces unequal treatment of similar debtors, in that a debtor whose tax refund was deposited into his account the day prior to filing for bankruptcy would be able to exempt it, while a debtor who did not receive a refund until after the filing would not.

   The commencement of a bankruptcy case creates an estate that is comprised of "all legal or equitable interests of the debtor in property."  See 11 U.S.C. § 541(a)(1).  The scope of this provision is broad and all encompassing.  In re Farmer, 295 B.R. 322, 324 (Bankr. W.D. Wis. 2003).   It includes all pre-petition interests of a debtor, including "inchoate, contingent interests and assets not in the debtor's possession at the time of filing." Nisselson v. Fasarakis (In re Fasarakis), 423 B.R. 34, 37 (Bankr. E.D.N.Y. 2010).  The date of valuation of an asset for purposes of determining whether it can be exempted is the date on which the petition for bankruptcy is filed.  Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 902 (7th Cir. 2000); see also In re Olsen, 322 B.R. 400, 406 (Bankr. E.D. Wis. 2005) (the date of the petition is generally a "snapshot" for determination of the law and facts with respect to exemptions).  In this case, the debtors clearly had an

interest in (or the right to) the receipt of tax refunds from both the federal and state governments when they filed the case. That right constituted an interest in property. In re Lock, 329 B.R. 856, 858 (Bankr. S.D. Ill. 2005) (proceeds due from a tax overpayment became property of the estate to the extent the overpayment was made prepetition); In re Innis, 331 B.R. 784, 786 (Bankr. C.D. Ill. 2005) (the prepetition portion of a tax refund is property of the bankruptcy estate).[3]

While it is true that the Wisconsin exemptions are supposed to be construed liberally in favor of the debtor, the starting point for statutory construction is the language of the statute itself. Where the statute is unambiguous, the court's inquiry is complete; it must enforce the statute in accordance with its terms. See Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."); Ross-Tousey v. Neary (In re Ross-Tousey), 549 F.3d 1148, 1157 (7th Cir. 2008) ("When the language is plain, the sole function of the courts is to enforce the statute according to its terms."). In this case, the Court must begin with the language of Wis. Stat. § 815.18 in order to determine what it allows a debtor to protect from seizure by creditors.

---

[3] The Seventh Circuit's recent decision in In re Meyers, ___ F.3d ___, 2010 WL 2990826, at *3 (7th Cir. Aug. 2, 2010), affirms the premise that a debtor's post-petition receipt of a tax refund is sufficiently rooted in the pre-bankruptcy past as to constitute an estate asset. The precise issue in Meyers – the methodology of calculating what portion of a tax refund constitutes estate property when a debtor files mid-year – is not relevant to the present case as it involves the right to a refund for a tax year ending prior to the date of filing.

The definition of "depository account" in Wis. Stat. § 815.18(2)(e) is comprised of two parts.  First, the statute provides that the exemption covers a specific type of account because it says that the phrase *means* "a certificate of deposit, demand, negotiated order of withdrawal, savings, share, time or like account. . . ."  Second, the account must be maintained with a bank, credit union, insurance company, savings bank, savings and loan association, securities broker or dealer or "like" organization.  In both instances, the legislature has provided courts with some latitude in applying the exemption, but has limited that discretion to protect similar accounts maintained with institutions which are akin to those listed in the statute.  In this regard, the trustee points out that nothing similar to the term "tax refund" is found in the list, nor is any governmental entity.  He also notes that a tax refund cannot be "withdrawn" or accessed like the listed depository accounts, although the debtors counter this argument by noting that many taxpayers utilize their tax withholding as a form of forced savings account.

The debtors contend that the exemption statute should be interpreted with the expectation that the Wisconsin legislature intended that each citizen could shield $5,000.00 from creditors, and that the trustee's narrower interpretation leads to unfair results.  The debtors are correct in their assertion that Wisconsin courts have liberally construed exemption statutes in favor of the debtor. See In re Bork, 389 B.R. 823 (Bankr. E.D. Wis. 2008).  Article I, Section 17 of the Wisconsin Constitution authorizes exemption laws and provides that "[t]he privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the

5

payment of any debt or liability hereafter contracted." This constitutional provision gives "broad discretionary powers to the legislature to create exemptions for the benefit of debtors." North Side Bank v. Gentile, 129 Wis. 2d 208, 385 N.W.2d 133, 138-39 (Wis. 1986). Indeed, the Wisconsin Supreme Court has stated:

> It is well settled that exemption laws must have a liberal construction, within the limits contemplated by the legislature, so as to secure their full benefit to the debtor, in order to advance the humane purpose of preserving to the unfortunate or improvident debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public.

Opitz v. Brawley, 10 Wis. 2d 93, 95, 102 N.W.2d 117, 119 (Wis. 1960) (citing Julius v. Druckrey, 214 Wis. 643, 649, 254 N.W. 358, 361 (Wis. 1934)).

However, it is also true that in the absence of a constitutional or statutory provision which provides otherwise, *all* of the property of a debtor may be subjected to the payment of his debts. See Northwest Bank & Trust Co. v. Minor, 275 Wis. 516, 82 N.W.2d 323, 324 (Wis. 1957); In re Geise, 992 F.2d 651, 656 (7th Cir. 1993). As the Wisconsin Supreme Court observed in Minor, "The right of a debtor to hold his property free from the claims of creditors is not a common-law right but a right created by constitutions and statutes." 82 N.W.2d at 324. Accordingly, the rule of liberal construction of exemption laws does not permit a plain disregard of the legislative mandate by extending exemptions to beyond what is embraced in the statute. Id.; see also Schwanz v. Teper, 66 Wis. 2d 157, 164, 223 N.W.2d 896, 900 (Wis. 1974) ("While it is true that the . . . exemption statute is to be liberally construed, the principles of liberal construction cannot be employed to write exemptions into the statutes."). Notwithstanding the debtors' suggestion that the legislature wished to allow Wisconsin citizens to shield certain

6

amounts, the statute does not provide a blanket exemption of $5,000.00 from the claims of creditors regardless of where (or how) those funds are held.  Instead, it offers a far narrower protection; namely, it protects debtors who opt to place their funds with a financial institution in something that resembles a bank account.

As this Court has said in other contexts, the Wisconsin legislature has discretion in determining how best to implement its constitutional prerogative to create a system under which debtors may exempt a "reasonable amount of property from seizure or sale."  See Farmer, 295 B.R. at 325; see also In re Bruski, 226 B.R. 422, 425 (Bankr. W.D. Wis. 1998) ("[I]f Wisconsin chooses to grant an exemption . . . it is not the Court's place to second-guess").   Inherent in the exemption statute are certain inequalities that reflect the legislature's perspective as to what items it considers appropriate to allow debtors to exempt from the claims of creditors.  A debtor who does not own a home cannot access the state's homestead exemption.  A debtor without a pension cannot utilize the exemption for retirement benefits.  And so on.

Which ultimately brings the matter full circle.  As a matter of law, a debtor who holds funds in something other than a depository account as defined in Wis. Stat. § 815.18(2)(e) cannot claim the funds as exempt under Wis. Stat. § 815.18(3)(k), even if the debtor seeks to exempt the same amount of money as the statute would otherwise protect.[4]  It is not the amount in question which is important for purposes of the

---

[4] For example, a debtor might decide that because of fears about the stability of the banking system, the appropriate place to store $5,000.00 is under the bed.  It would strain credulity to suggest that the debtor could thereafter claim the mattress as a "depository account," even though the amount in question is identical to the statutory allowance.  The asset must fit within the framework of the statute or, in keeping with relevant Wisconsin
(continued...)

7

exemption; it is that the money is held in a financial account which the debtor can access. Admittedly, the Wisconsin statute provides protection for types of financial accounts which might not be immediately accessible. For example, a "demand" account features deposits which may be withdrawn at any time without prior notice to the bank, while a "time" account generally involves deposits which are supposed to remain for a specified period of time or which require advance notice before they can be withdrawn. But all of the account types listed in the statute are voluntarily created by a debtor with a private financial institution, are governed by specific account documents, accrue interest, and involve funds which are either immediately accessible or can be accessed upon appropriate notice.

Because of this, the Court is constrained to agree with the trustee that a debtor's right to a tax refund cannot be accessed like a bank account, and that neither the federal nor state governments sufficiently resemble the financial institutions listed in the statute. As another court said recently in a slightly different context, the debtors' argument is essentially "that there is no fundamental difference between depositing wages in a bank account and depositing them with Uncle Sam." In re Rivenbark, 2010 WL 2643323, at *2 (Bankr. E.D. Va. June 29, 2010).[5] While this Court recognizes that many people do treat their income tax withholding as a form of forced savings, ultimately "[f]unds on deposit are available to the individual at any time, while funds

---

[4](...continued)
case law, it is subject to the claims of creditors.

[5] In Rivenbark, the debtor sought to exempt 75% of her federal and state income tax refunds under a state exemption for garnished wages. The court sustained the trustee's objection and disallowed the exemption.

withheld are security for an anticipated tax liability and may or may not revert to the taxpayer." Id.

The right to a refund is more akin to other claims the debtor might possess than it is to an account held with a financial institution. A debtor who holds a note payable might ultimately receive those funds and put them into a depository account, but if the note is still unpaid when the debtor files bankruptcy, the debtor has a claim for the money, not the money itself.  That is essentially what happened here.  The debtors had the right to receive a refund when they filed, and that asset became property of the bankruptcy estate.  Absent exemption, the trustee succeeds to the debtors' interest in that asset.  The debtors opted to utilize the Wisconsin exemptions so as to protect the equity in their homestead rather than the federal exemptions under which they might have exempted at least a portion of the tax refunds through use of the "wild card" exemption of 11 U.S.C. § 522(d)(5). It cannot be fairly said that they have not been afforded the protection of the exemption laws, even if they were not able to take advantage of one specific provision.

The debtors also argue that the tax refunds do not become part of the bankruptcy estate until they are released to them, and that this should be factored into the equation.  They cite In re Pigott, 330 B.R. 797 (Bankr. S.D. Ala. 2005) for support.  Pigott was a case in which the IRS sought to exercise setoff rights against a tax refund that the debtors had not yet received.  But in Pigott the court noted that the right to a refund *is* property of the estate, even if the funds themselves do not reach the estate until they are released to the debtors.  330

9

B.R. at 801-02.  This Court has also acknowledged that the government's right to setoff against a tax "overpayment" is preserved by § 553 notwithstanding the debtor's bankruptcy or exemption claim.  See Miller v. United States (In re Miller), 414 B.R. 481 (Bankr. W.D. Wis. 2009), aff'd, 422 B.R. 168 (W.D. Wis. 2010).  However, that does not alter the fact that when the debtors filed this case, they had the right to claim the refunds, even if the money itself had yet to arrive.[6]  Their right might have been defeated by an intervening setoff claim by the taxing authorities, but they otherwise held a pre-petition claim to the refund.  That right was property of their estate and cannot be claimed as exempt as a "depository account" under Wisconsin law for the reasons stated.

Dated:  August 27, 2010

BY THE COURT:

/s/ Thomas S. Utschig

Hon. Thomas S. Utschig
U.S. Bankruptcy Judge

---

[6]  In fact, both Miller and Pigott illustrate the problem with characterizing the right to receive a tax refund as a depository account similar to a bank account; as the court observed in Rivenbark, such funds "may or may not revert to the taxpayer." 2010 WL 2643323, at *2.